## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| DAIRY MART, IRFAN KASHIF, OWNER, ) | |
| Plaintiff ) | CIVIL ACTION NO.: 14-cv-30180-MGM |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Defendant ) | |
| _____) | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes Irfan Kashif, the Plaintiff in the above matter and files this Memorandum of Law in Opposition to defendant's Motion for Summary Judgment

### Standard for Motion for Summary Judgment

Summary judgment is appropriate when the Court finds that there is no genuine issue of material fact and the undisputed facts entitle the moving party to judgment as a matter of law by reviewing the pleadings, depositions, interrogatory answers, admissions on file, and affidavits. Fed. R. Civ. P. 56 (a), (c). See, Wilson v. Moulison N. Corp., 639 F.3d 1, 6 (1st Cir. 2011); Chadwick v. WellPoint, Inc., 561 F.3d 38, 43 (1st Cir. 2009). The Court must review the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-moving party's favor. Wilson, 639 F.3d at 6; Commonwealth, Dep't of Pub. Welfare v. Sec'y of Agric., 984 F.2d 514, 526 (1st Cir. 1993) (internal citations and quotations omitted). However, the non-moving party must identify competent evidence and specific facts to avoid summary judgment. Id., (quoting Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011) (internal citations and quotations omitted)). Summary judgment cannot be defeated merely by the non-moving party's provision of "conclusory allegations, improbable inferences, acrimonious invective, or rank speculation." Id., (quoting Ahem v. Shinseki, 629 F.3d 49, 54 (1st Cir. 2010)). See, J. Mart, Inc. v. USDA,

No. 13-424 S, 2013 U.S. Dist. LEXIS 152274, at *12 (D.R.I. Oct. 23, 2013). A genuine issue of fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Chadwick, 561 F.3d at 43 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Federal District Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 7 U.S.C. § 2023(a) (13). Hajifarah v. United States, 779 F. Supp. 2d 191, 204 (D. Me. 2011). Upon request for a judicial review, the Court must conduct a de novo review to "determine the validity of the questioned administrative action." Id., quoting 7 U.S.C. §§ 2023(a) (13), (15); 7 C.F.R. §§ 279.7 (a), (c). A de novo review consists of an independent determination of the issues surrounding the administrative action. A Touch of Merengue, LLC v. United States, No. 14-117-M, 2014 U.S. Dist. LEXIS 163542, at *4 (D.R.I. Nov. 20, 2014) (quoting Della Valle v. U.S. Dep't of Agric, 626 F. Supp. 388, 391 (D.R.I. 1986) (internal quotation and citations omitted)). See, Broad St. Food Mkt., Inc. v. United States, 720 F.2d 217, 219-220 (1st Cir. 1983) (citations omitted).

Upon a review de novo, the Court is limited to the United States Department of Agriculture's (USDA) determination of whether a Supplemental Nutrition Assistance Program (SNAP) violation took place. Collazo v. United States, 668 F.2d 60, 65 (1st Cir. 1981), (citing Kulkin v. Bergland, 626 F.2d 181 (1st Cir. 1980)); A Touch of Merengue, LLC, 2014 U.S. Dist. LEXIS 163542 at *4, (citing Broad St. Food Mkt., Inc., 720 F.2d at 220; Objio v. United States, 113 F. Supp. 2d 204, 208 (D. Mass. 2000)). See also, Savera Super Store, LLC (SSS Tobacco Outlet) v. United States, 2016 DNH 004, at *5; Saudabad Convenience, Inc. v. United States Dep't of Agric., No. 013-298-ML, 2014 U.S. Dist. LEXIS 19802, at *14 (D.R.I. Feb. 18, 2014). The Court's determination on the administrative review regarding SNAP violations is based upon the facts in the administrative record and any new evidence either party presents to the Court. Hajifarah, 779 F. Supp. 2d at 204 (internal citations omitted); Id., at *5-6, citing Della Valle, 626 F. Supp. at 391. A store, may offer "any relevant evidence available to support his case, whether or not it has been previously submitted to the agency, and the agency itself may offer any evidence available to support its action, whether or not in the administrative

record." Hajifarah, 779 F. Supp. 2d at 204 (quoting Redmond v. United States, 507 F.2d 1007, 1011 (5th Cir. 1975)). The Court must examine the evidence upon a fresh record instead of determining whether the Administrative review was supported by substantial evidence, and to determine if the regulations were complied with when completing the review. Id., at 205, citing Ibrahim v. United States, 834 F.2d 52, 53-54 (2nd Cir. 1987); Hamdi Halal Mkt. LLC v. United States, 947 F. Supp. 2d 159, 163 (D. Mass. 2013) (citation omitted).


The Plaintiff, store owner, must prove by a preponderance of evidence that the that the agency's final determination is invalid because the USDA's factual determination was incorrect. Id., (quoting Fells, 627 F.3d 1250, 1253–54 (quoting McGlory v. United States, 763 F.2d 309, 311(7th Cir.1985))); 7 U.S.C. § 2023(a)(16). Therefore, the Plaintiff has the burden of proving the store was improperly disqualified from participating in the SNAP program. Hajifarah, 779 F. Supp. 2d at 204; Kahin v. United States, 101 F. Supp. 2d 1299, 1302 (S.D. Cal. 2000).

If the Court finds that the USDA's determination that a SNAP violation occurred was correct, the Court must then determine if the sanction imposed upon the Plaintiff was arbitrary or capricious. Narin Mkt., LLC v. United States, No. 13-535-M, 2014 U.S. Dist. LEXIS 63978, at *6 (D.R.I. May 7, 2014) (internal citations omitted); A Touch of Merengue, LLC, 2014 U.S. Dist. LEXIS 163542 at *10; J. Mart, Inc. v. USDA, No. 13-424 S, 2013 U.S. Dist. LEXIS 152274, at *9 (D.R.I. Oct. 23, 2013) (citing Objio, 113 F. Supp. 2d at 208 (citing Broad St. Food Mkt., 720 F.2d at 220))). The sanction established by the USDA in its administrative review shall be reversed if the Court determines the sanction is arbitrary or capricious. Narin Mkt., LLC, 2014 U.S. Dist. LEXIS 63978, at *10, citing Broad St. Food Mkt., 720 F.2d at 220. See, J. Mart, Inc., 2013 U.S. Dist. LEXIS 152274, at *12-13. If the Court holds that the USDA followed the relevant regulations in sanctioning the Plaintiff's store, and the Plaintiff fails to demonstrate that the sanction was arbitrary or capricious, then the Court may not reverse the sanction imposed upon the Plaintiff's store. A Touch of Merengue, LLC, 2014 U.S. Dist. LEXIS 163542 at *10; Young Jin Choi v. United States, 944 F. Supp. 323, 326 (S.D.N.Y. 1996).

**ARGUMENT**

**There is a genuine issue of material fact at dispute regarding the validity of the Administrative review, because the Plaintiff had no knowledge of the violations, Clerk 2 was acting outside of his employment against the training program and compliance policy the Plaintiff had in place prior to the violations.**

Because the review de novo determines if the administrative review was correct and valid, with a SNAP violation having occurred, there must be a genuine issue of material fact regarding whether the administrative review is valid in order to defeat the summary judgment requested by the Defendant. In the Plaintiff's case, there is a genuine issue of material fact regarding whether the Plaintiff's store was liable for such violations.

Upon Administrative review, the Agency did not properly consider evidence regarding the training and compliance program the firm had in place prior to the violations, and the fact that Clerk 1 who worked more hours at the firm than Clerk 2 had not violated any of the Regulations, while Clerk 2 who was a part-time employee created all of the violations outside of the store and to the detriment of the Plaintiff who had no knowledge of the trafficking.

Under the Food and Nutrition Act of 2008 (Act), a store approved for participation in SNAP benefits may be disqualified from further participation, or be fined for a violation of any of the provisions of the Act or of the regulations issued pursuant to the Act (7 C.F.R Section 270 et seq.). 7 U.S.C. § 2021(a). The Plaintiff's store was charged with trafficking, which is a violation of the regulations, and subjects the store to a sanction by the USDA if it is proven such violation was committed in a manner that implicates the store. Trafficking is defined to include the buying, selling, or exchange of SNAP benefits by Electronic Benefit Transfer (EBT) card or by manual voucher for cash or consideration other than for eligible food, "either directly, indirectly, in complicity or collusion with others, or acting alone." 7 C.F.R. §§ 271.2 (1), 278.2 (a). See 7 U.S.C. § 2021(b)(3)(B); <u>Rockland Convenience Store v. United States</u>, No. 10-cv-260-LM, 2011 U.S. Dist. LEXIS

125491, at *4-5 (D.N.H. Oct. 27, 2011). Eligible food is defined as "any food or food product intended for human consumption, except alcoholic beverages and tobacco." 7 C.F.R. § 271.2.

When determining the sanction to be imposed upon a store in alleged violation of the SNAP Regulations (Regulations), the government must consider: "(1) the nature and scope of the violations committed by personnel of the firm, (2) any prior action taken by [FNS] to warn the firm about the possibility that violations are occurring, and (3) any other evidence that shows the firm's intent to violate the regulations." Young Jin Choi, 944 F. Supp. at 325, citing 7 C.F.R. § 278.6(d). A "firm" is defined as "the ownership or management of an authorized retail food store or wholesale food concern or any person acting on behalf of the ownership or management." 7 C.F.R. 278.6(a). The word "personnel" is not defined in either the Act or the Regulations. However, it has been interpreted to mean "a body of persons employed in some service' or 'a body of employees that is a factor in business administration." Bakal Bros., Inc. v. United States, 105 F.3d 1085, 1089 (6th Cir. 1997), citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1687 (1971). A "firm's practice" is defined as "the usual manner in which personnel of a firm or store accept food coupons as shown by the actions of the personnel at the time of the investigation." Young Jin Choi, 944 F. Supp. at 325, (quoting 7 C.F.R. § 271.2).

Due process requires that the sanction follow rationally from the facts, be authorized by the statute and regulations, and aim toward fulfillment of the Act's purposes." Collazo v. United States, 668 F.2d 60, 65 (1st Cir. 1981) (quoting Cross v. United States, 512 F.2d 1212, 1217-18 (4th Cir. 1975) (footnotes omitted). The sanction for trafficking is permanent disqualification of the Store from further participation in SNAP. Sunflowers Convenience Store, LLC v. United States, No. 11-577-ML, 2012 U.S. Dist. LEXIS 57751, at *2 (D.R.I. Apr. 24, 2012), citing 7 U.S.C. § 2021(b)(3)(B). See, 7 C.F.R. § 278.6(e)(1). The permanent disqualification may occur upon the first occasion of disqualification when the Plaintiff's store is charged with trafficking. Grocery Town Market, Inc. v. U.S., 848 F.2d 392, 394 (3d Cir. 1988); Abboud, Inc. v. Glickman,

No. 97-3471, 1998 U.S. App. LEXIS 18556, at *1 (6th Cir. Aug. 6, 1998), citing 7 U.S.C.S. § 2021(B)(3)(b).

This disqualification cannot be overturned unless the sanction is arbitrary or capricious, as discussed above.

Narin Mkt., LLC, 2014 U.S. Dist. LEXIS 63978, at *10, citing 7 C.F.R. § 278.6(e)(1). In order to establish that

Plaintiff's store violated the Regulations, the Defendant must show that Plaintiff's store redeemed food stamp

coupons for consideration other than eligible food. Young Choi, Inc. v. United States, 639 F. Supp. 2d 1169,

1178 (D. Haw. 2009) (citation omitted).


However, the Regulations provide for a civil monetary penalty (CMP) in lieu of permanent

disqualification where the Plaintiff demonstrates by "substantial evidence" that the store had an effective SNAP

compliance policy and training program in place at the firm prior to the violations, and the Plaintiff had no

knowledge of the violations. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(i). See, Rockland Convenience Store,

2011 U.S. Dist. LEXIS 125491, at *5; Vasudeva v. United States, 214 F.3d 1155, 1157-58 (9th Cir. 2000).

Substantial evidence means more evidence than a "mere scintilla but less than a preponderance" and means

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kim v. United

States, 121 F.3d 1269, 1276 (9th Cir. 1997) (quoting In re Transcon Lines, 89 F.3d 559, 564 (9th Cir.1996). If

the Plaintiff can demonstrate that such a policy existed, and his non-involvement in the trafficking, the USDA

may impose a CMP in lieu of permanent disqualification. 7 U.S.C. § 2021(b)(3)(B). In order to qualify for the

CMP, the Plaintiff must show written and dated statements of firm policy reflecting the Plaintiff's commitment

to ensure that the firm is operating consistently with the SNAP regulations, and documentation that establishes

that the policy statements were provided to the employees before the violation. 7 C.F.R. § 278.6(i)(1). The

Court may also consider:

> [d]ocumentation reflecting the development and/or operation of a policy to terminate the
> employment of any firm employee found violating [SNAP] regulation; [d]ocumentation of the
> development and/or continued operation of firm policy and procedures resulting in appropriate
> corrective action following complaints of [SNAP] violations or irregularities committed by firm
> personnel; [d]ocumentation of the development and/or continued operation of procedures for
> internal review of firm employees' compliance with [SNAP] regulations; The nature and scope of

the violations charged against the firm; [a]ny record of previous firm violations under the same ownership; and Any other information the firm may present to [SNAP] for consideration.

7 C.F.R. § 278.6(i)(1). The firm must document its training program dates, and may provide such evidence in order to obtain a CMP instead of permanent disqualification. 7 C.F.R. § 278.6(i)(2).

Because one can bring in new evidence regarding the training, etc. that the Plaintiff had prior to the violations, even if it is more informal, please add this in, or explain you have such evidence and will continue to demonstrate such if it reaches Discovery or trial. Review 7 C.F.R. § 278.6(i)(1)-(2).


The Regulations allow the USDA to consider the owner's knowledge of any SNAP violations when deciding to impose disqualification or a CMP. Traficanti v. United States, 227 F.3d 170, 174 (4th Cir. 2000), citing Kim, 121 F.3d at 1273. See, 7 U.S.C. § 2021(b)(3)(B). Regardless of fault by the owner for a SNAP violation, the regulations provide for a CMP or disqualification depending upon the severity of the violation. Id., citing Kim, 121 F.3d at 1273. Although some cases cite that the firm incurs strict liability if there are any SNAP violations, the Regulations prove the legislative intent was to impose a sanction regardless of knowledge, but to provide leniency upon an owner who was innocent of conducting in violation of the Regulations, and had no knowledge of such violations occurring at his business. Traficanti, 227 F.3d at 175 (4th Cir. 2000). The leniency provided by the Regulations is a civil monetary penalty where the Plaintiff can demonstrate the firm had an effective SNAP compliance training policy or program in place prior to the violations, and the Plaintiff's non-involvement in the violation. 7 U.S.C. § 2021(b)(3)(B).


Trafficking by Personnel

A store is responsible for trafficking by "personnel of the firm." 7 C.F.R. § 278.6(e)(1)(I); Bakal Bros. v. United States, 105 F.3d 1085, 1088 (6th Cir. 1997) (citing Goldstein v. United States, 9 F.3d 521, 524 (6th Cir. 1993); TRM, Inc. v. United States, 52 F.3d 941, 945 (11th Cir. 1995); Freedman v. United States Dep't of

Agriculture, 926 F.2d 252, 259 (3d Cir. 1991)). A store owner or manager need not be "aware of, approved, benefited from, or was involved in the conduct or approval of the violation. 7 U.S.C. § 2021(b)(3)(B); Bakal Bros., 105 F.3d at 1088; Bon Supermarket & Deli v. United States, 87 F. Supp. 2d 593, 601 (E.D. Va. 2000), (citing TRM, Inc., 52 F.3d at 946). Actions of relatives and employees acting in violation of the Regulations can serve as a basis for disqualification. Young Jin Choi, 944 F. Supp. at 325. However, some courts have held that a store owner is liable only for those violations he has personally committed or had knowledge of. Ghosein v. U.S. Dept. of Agriculture, 616 F.Supp. 857, 859 (E.D. Mo. 1985).

Although the courts have held the firm is liable for the employee's violations, Clerk 2 was not acting within the scope and apparent authority of his employment. Bakal Bros., 105 F.3d at 1089. Clerk 2 was acting in his own individual capacity, without the Plaintiff's interests in mind, and conducted the trafficking outside of the store, by shopping at other stores and then exchanging those items for cash. Although the Clerk 2 had cash to purchase the items from the investigator, it is likely it was not cash from the Plaintiff. If the cash did come from the store, then Clerk 2 was stealing from the Plaintiff's store, and in so doing, was acting in the Plaintiff's detriment by taking money from the Plaintiff without permission and without the Plaintiff's knowledge. As for the argument that Clerk 2 purchased Banquet meals, and the Plaintiff's store sells Banquet meals is insufficient to demonstrate that the Banquet meals purchased by Clerk 2 were the same meals sold in the store. Therefore, the Plaintiff did not in any way benefit from Clerk 2's actions, and in fact the clerk's actions were to the Plaintiff's detriment. Unlike in Bakal, supra, the transactions were not conducted in the parking lot of the store, nor did the clerk have any duties at the other stores where the trafficking occurred. Id. Therefore, Clerk 2 was acting outside of his apparent authority as an employee, and was acting in his own capacity to commit the violations, without the Plaintiff benefitting in any manner. As in Ghosein, supra, the Plaintiff stopped any future violations from occurring when he had actual knowledge of the misconduct by the employee. Ghosein, 616 F.Supp. at 859.

The provision for a civil money penalty (CMP) as an alternative to permanent disqualification for trafficking reflects the intent that stores with an effective policy to prevent trafficking "should not be presumptively disqualified from participation in the Food Stamp Program due to the unauthorized or expressly prohibited acts of store personnel." Bakal Bros., 105 F.3d at 1089-90 (citation omitted). See, 7 U.S.C. § 2021(b)(3)(B). Therefore, as stated above, there is genuine issue of material fact, where the sanction is invalid in its excessive punishment of an innocent store owner who simply wanted to run a good business and provide wholesome food to the community by participating in SNAP. The sanction provided by the USDA is arbitrary and capricious by not allowing the Plaintiff to incur a CMP, which he is willing to pay and continue to run a good, community business.

The government agreed that all of the store owners met both conditions by a preponderance of evidence and the Court offered them the opportunity to pay a CMP: show that the store had an effective anti-trafficking training program in place and that the store owner had no knowledge of the trafficking. Vasudeva v. United States, 214 F.3d 1155, 1157-58 (9th Cir. 2000). The method used to calculate the CMP is outlined in 7 C.F.R. § 278.6(j). For a first offender, the store's average monthly food stamp sales are multiplied by 10%, which is intended to approximate the store's monthly profit from food stamp sales. 55 Fed. Reg. 31809, 31810 (1990). Id.


Given the deferential of arbitrary or capricious standard, and the statutory prescription for permanent disqualification for trafficking violations, 7 C.F.R. § 278.6(e)(1)(i), the court could not hold that the sanction was arbitrary or capricious. J. Mart, Inc. v. USDA, No. 13-424 S, 2013 U.S. Dist. LEXIS 152274, at *12-13 (D.R.I. Oct. 23, 2013).

Abboud, Inc. v. Glickman, No. 97-3471, 1998 U.S. App. LEXIS 18556, at *1 (6th Cir. Aug. 6, 1998): The only exception to permanent disqualification is when the Secretary of Agriculture (secretary), in his discretion, imposes a CMP in lieu of disqualification where the secretary determines that there is substantial evidence that such store had an effective policy and program in effect to prevent violations of the statute and regulations and the store requests consideration of a penalty in lieu of disqualification. 7 U.S.C.S. §

2021(B)(3)(b). The law is clear that a store is responsible for food stamp violations of its employees or agents even though it had no knowledge of the violations. There is no intent requirement on the part of the store nor is the store required to benefit from the violation. TRM, Inc. v. United States, Dep't of Agric., 52 F.3d 941, 944-45 (11th Cir. 1995): "In 1982, Congress amended the Food Stamp Act to provide for permanent disqualification upon the first trafficking offense. See Omnibus Budget Reconciliation Act of 1982, Pub.L. No. 97-253, § 175, 1982 U.S.C.C.A.N. (96 Stat.) 763, 781. In response to this harsh remedy, other circuits split over whether disqualification could be imposed against an innocent store owner. See Ghattas v. United States, 40 F.3d 281, 283 (8th Cir.1994) (describing split). In 1988, however, Congress amended the Act to allow for the imposition of a civil monetary penalty, in lieu of the disqualification penalty, for trafficking violations if the Secretary determines that there is substantial evidence (including evidence that neither the ownership nor management of the store or food concern was aware of, approved, benefited from, or was involved in the conduct or approval of the violation) that such store or food concern had an effective policy and program in effect to prevent violations of the chapter and the regulations….7 U.S.C. § 2021(b)(3)(B). The fact that the statute was amended to provide for a more lenient penalty for certain innocent store owners leads to the conclusion that innocent store owners who fail to meet the requirements for the imposition of a CMP may be permanently disqualified. See Ghattas, 40 F.3d at 283 n. 3 ("Under the 1988 amendments … a store may be sanctioned despite its owner's innocence."); Goldstein v. United States, 9 F.3d 521, 523-24 (6th Cir.1993) (FNS acted within its authority under the regulations by permanently disqualifying an allegedly innocent owner from food stamp program); see also Freedman v. United States Dep't of Agriculture, 926 F.2d 252, 258-60, 261 n. 13 (3d Cir.1991) (holding that a CMP can be imposed upon an innocent store owner and suggesting in dicta that an innocent store owner could be disqualified as well). We conclude that Congress would not have provided a CMP as an alternative to permanent disqualification for innocent owners had it not felt that innocent owners could be disqualified under the Food Stamp Act."

The courts seem to narrow the issue of genuine issue material facts in these cases is whether the Plaintiff should be permanently disqualified or may have a CMP imposed. In the case at the bar, the Plaintiff is entitled to introduce evidence of his training of the clerk and the innocence of the owner as mitigation of the penalty which in these cases is the genuine issue of material facts.

CONCLUSION

For the foregoing reason, the Plaintiff respectfully requests the Court deny defendant's Motion for Summary Judgment.

RESPECTFULLY SUBMITTED

THE PLAINTIFF,

BY HIS ATTORNEY

By:  _/s/Thomas N. Wilson_____

THOMAS N. WILSON
DUNN & WILSON
BBO #552169
98 LOWER WESTFIELD ROAD
HOLYOKE, MA 01040
(413) 533-6800
twilson@dunn-wilson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 19, 2016      /s/ Thomas N. Wilson
                THOMAS N. WILSON